## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

JAMIE LUEUANO                                                        PLAINTIFF

v.                                               CIVIL ACTION NO. 5:09CV-P102-R

MITCH MCCONNELL *et al.*                       `                      DEFENDANTS

### MEMORANDUM OPINION

       Plaintiff filed this action in June 2009. While Plaintiff filed an application to proceed without prepayment of fees, he did not file a certified copy of his prison trust account statement or institutional equivalent. Accordingly, on June 11, 2009, the Clerk of Court sent Plaintiff a notice of deficiency directing him to file a certified copy of his jail/prison trust account statement for the six-month period preceding the filing of the complaint in this matter. Plaintiff was given 30 days to comply with the deficiency. Plaintiff was warned that his failure to comply within 30 days without good cause shown would result in this matter being brought to the attention of the Court.

       Plaintiff responded to the notice of deficiency by filing another application to proceed without prepayment of fees (DN 5). No prison trust account statement accompanied the second application nor did Plaintiff provide an adequate explanation for his failure to supply the statement to the Court. At the end the application, Plaintiff simply wrote the following notation, "The Mass Family Ring Mob Kingdom Enterprise Inc. of EL Paso Texas . . . Never Ending Saga!!!" Following receipt of this second application, the Court instructed Plaintiff that it needed his prison trust account statement or the institutional equivalent to properly adjudicate his pending application to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(b). The Court then ordered Plaintiff to file a certified copy of his prison trust account statement or institutional equivalent for the six-month period immediately preceding the filing of his complaint within 30

days of the entry of the Order or show good cause for his failure to do so.  Plaintiff was warned that his failure to comply with the Court's Order would result in dismissal of this action (DN 6).

Well over thirty days have passed since the Court's previous Order, and Plaintiff has failed to file a copy of his prison trust account statement or show cause for his failure to do so.  Accordingly, by separate Order, the Court will dismiss this action.  *See* Fed. R. Civ. P. 41.

Date:

cc:     Plaintiff, *pro se*

4413.008